# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM R. HOLLAND and MICHAEL W. HOLLAND,<br><br>                    Petitioners,<br>vs.<br>WACHOVIA SECURITIES, LLC and EUGENE P. INGARGIOLA,<br><br>                    Respondents. | CASE NO. 08-CV-1772-WQH-BLM<br><br>ORDER |

HAYES, Judge:

    The matter before the Court is Petitioners' ex parte application for an order temporarily staying Respondents from further proceeding in San Diego Superior Court pending this Court's determination of Petitioners' petition to vacate an arbitration award (Doc. # 5).

## BACKGROUND

    In October and November 2005, Petitioner William Holland and his son, Petitioner Michael Holland, initiated two Financial Industry Regulatory Authority (FINRA) arbitration actions against their former employer, Wachovia Securities, and their former Supervisor Eugene Ingargiola. William Holland asserted claims for: (1) wrongful termination in violation of public policy prohibiting age discrimination; (2) breach of contract; (3) breach of implied covenant of good faith and fair dealing; (4) age discrimination in violation of the Age Discrimination Employment Act, 29 U.S.C. § 620, and the California Fair Employment and Housing Act, Cal. Gov. Code § 12941; (5) intentional interference with prospective economic advantage; (6) violation of the Racketeer Influenced Corrupt

1  Organizations Act, 18 U.S.C. § 1961; (7) civil conspiracy; and (8) slander. Michael Holland asserted
2  claims for: (1) wrongful constructive termination; (2) breach of contract; (3) breach of implied
3  covenant of good faith and fair dealing; (4) intentional interference with prospective economic
4  advantage; (5) violation of the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. § 1961;
5  and (6) civil conspiracy. Petitioners requested compensatory damages in excess of $1,000,000.00,
6  unspecified punitive damages, treble damages, and costs, including attorneys' fees.

7  Respondents counterclaimed for the recovery of $72,402.00 from William Holland and
8  $4,000.00 from Michael Holland pursuant to a Retention Bonus Program. Respondents filed a
9  supplemental counterclaim alleging that Petitioners violated the Computer Fraud and Abuse Act and
10 misappropriated trade secrets. Respondents requested unspecified compensatory damages, injunctive
11 relief preventing Petitioners from utilizing confidential information unlawfully obtained and requiring
12 the return of all such information, unspecified punitive and treble damages, and costs, including
13 attorneys' fees. On May 22, 2006, the arbitration panel consolidated all the claims and counterclaims
14 under FINRA Case Number 05-5159. On September 4, 2007, Petitioners dismissed the RICO claims
15 against Respondents with prejudice. On September 11, 2007, William Holland dismissed the slander
16 claim against Respondents.

17 The arbitration panel held a hearing on Petitioners' claims and Respondents' counterclaims.
18 On November 20, 2007, Respondents filed a motion for summary judgment on Petitioners' claims.
19 The motion was fully briefed, and the panel heard oral argument on February 6, 2008. On February
20 12, 2008, the arbitration panel granted Respondents' motion and dismissed Petitioners' claims in their
21 entirety with prejudice. Subsequent hearings were scheduled for May 1 and 2, 2008 on Respondents'
22 counterclaims against Petitioners.

23 On April 18, 2008, Petitioners filed a Petition to vacate the Panel's decision dismissing their
24 claims in the Superior Court of California for the County of San Diego. Petitioners concurrently filed
25 an ex parte application for the issuance of a temporary restraining order requesting that the state court
26 stop the arbitration from going forward on the ground that the Panel had improperly granted
27 Respondents' motion for summary judgment. On April 23, 2008, the state court denied Petitioners'
28 application for a temporary restraining order and stayed the Petition to vacate pending final resolution

of the FINRA arbitration. The state court directed Petitioners to file an amended petition to vacate once a final arbitration award was issued by the FINRA panel. On April 28, 2008, Petitioners filed a "Petition for writ of supersedeas" with the California Court of Appeal requesting an immediate appeal of the state court's April 23, 2008 decision. On April 29, 2008, the California Court of Appeal denied the petition.

On September 4, 2008, the FINRA Panel issued a written final arbitration award. (Doc. # 8-2, Ex. 13). The Panel concluded that William Holland's claim for age discrimination was frivolous and ordered William Holland to pay 80% of the attorney fees and costs incurred by Respondents pursuant to Cal. Govt. Code § 12965(b). (Doc. # 8-2, Ex. 13 at 218). On September 19, 2008, Petitioners filed a first amended petition to vacate the FINRA arbitration award in state court. (Doc. # 8-2, Ex. 6). On September 25, 2008, Respondents filed a cross petition to confirm the arbitration award in state court. (Doc. # 8-2, Ex. 7). On September 26, 2008, the parties jointly moved to continue the hearing date to November 6, 2008, "to allow both motions [petitions] to be heard by the [state] Court simultaneously." (Doc. # 8-2, Ex. 8).

On September 26, 2008, Petitioners filed a petition to vacate the FINRA arbitration award in this Court (Doc. # 1) (hereinafter "federal petition to vacate"). On October 3, 2008, Petitioners filed a first amended petition to vacate the FINRA arbitration award in this Court (Doc. # 2). On the same date, Petitioners filed a request for dismissal of the state petition to vacate without prejudice in the state court (Doc. # 8-2, Ex. 12). On October 31, 2008, Petitioners filed a motion to vacate the arbitration award (Doc. # 3) in this Court. The motion hearing date for Petitioners' federal petition is set for January 26, 2009 in this Court.

On October 28, 2008, Petitioners removed Respondents' cross petition to confirm the arbitration award to federal court. (Case No. 08cv1994-JM-RBB). The removed cross petition was assigned to United States District Judge Jeffrey Miller. On November 3, 2008, Respondents filed an ex parte application for immediate remand of the cross petition. On November 5, 2008, Judge Miller remanded the cross petition to state court, finding that: (1) the federal court lacked original jurisdiction to entertain the action because there was no federal question presented by the motion to confirm the arbitration award pursuant to state law; (2) Petitioners commenced the action in state court and could

1 not remove their own action to federal court; (3) the action appeared to have been improvidently
2 removed by counsel who was not the attorney of record for Petitioners in the state court action; and
3 (4) Petitioners did not oppose remanding the action in their response to Respondents' motion to
4 remand. (Doc. # 8-2, Ex. 15). The cross petition was remanded to state court and a hearing on the
5 matter was set in state court for December 17, 2008. (Doc. # 8-2, Ex. 17).

6 On November 11, 2008, Petitioners filed an ex parte motion to stay Respondents from further
7 proceeding in state court pending this Court's determination of the federal Petition to vacate the
8 arbitration award. (Doc. # 5). On November 14, 2008, Respondents filed a response in opposition
9 to the ex parte motion to stay. (Doc. # 8). On November 18, 2008, Petitioners filed a reply in support
10 of their motion to stay. (Doc. # 12).

## DISCUSSION

Petitioners contend that "there is a very strong likelihood of two inconsistent determinations affecting the same arbitration award issued by two different courts, and this Court's ability to hear and determine the Hollands' Federal Petition to Vacate will be affected and rendered moot by the state court proceeding" if Respondents are not temporarily stayed from further proceeding with their state court petition to confirm pending this Court's determination of the federal Petition to vacate. (Doc. # 5 at 3). Petitioners assert that Respondents "will suffer no damages and will have two months to prepare and submit opposition papers" in this Court if Respondents are temporarily stayed from proceeding with their state court Petition to confirm. (*Id.*) Petitioners assert that a stay of the state court proceedings is "necessary in aid of" the "exclusive jurisdiction" of this Court to review the petition to vacate the arbitration award for manifest disregard of federal law. (*Id.* at 8-9). Petitioners contend that allowing Respondents to proceed in state court "threatens to impair this Court's ability to provide the Hollands the full relief they request" because the state court can not vacate an arbitration award on the basis that it was made in manifest disregard of federal law.

Respondents contend that the Anti-Injunction Act, 28 U.S.C. § 2283, precludes a stay of Respondents' state court petition to confirm the arbitration award. (Doc. # 8-2 at 7). Respondents assert that "by denying Petitioners' request for an immediate stay order, this Court will not be interfering with its own jurisdiction as there is no federal subject matter jurisdiction in this matter."

(Doc. # 8-2 at 9).

Respondents filed the cross petition to confirm the arbitration award in state court pursuant to California Civil Code § 1285. The state court has jurisdiction to resolve Respondents' petition to confirm the arbitration award and Respondents are entitled to go forward in state court. To the extent that Petitioners are requesting a temporary injunction to stay the state court proceedings, this Court is prohibited from doing so by the Anti-Injunction Act. The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgements." 28 U.S.C. § 2283. The exceptions to the Anti-Injunction Act are narrowly construed and "doubts as to the propriety of a federal injunction against a state court proceeding should be resolved in favor of permitting the state action to proceed." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). "The general rule under the necessary in aid of its jurisdiction exception is that where state and federal courts have concurrent jurisdiction over a case, neither court may prevent the parties from simultaneously pursuing claims in both courts." *Id.* at 740 (citing *Atlantic Coast Line R.R. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 295 (1970)). The exception does not apply unless injunctive relief is "necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atlantic Coastline R.R.*, 398 U.S. at 295. "The mere existence of a parallel action in state court does not rise to the level of interference with federal jurisdiction necessary to permit injunctive relief under the necessary in aid of exception." *Lou*, 834 F.2d at 740.

In this case, Petitioners do not assert that an injunction is expressly authorized by an act of Congress, or that an injunction is necessary to protect or effectuate the judgment of this Court. Petitioners contend that this case falls under the "necessary in aid of jurisdiction" exception. Even assuming that federal jurisdiction over the Petition to vacate is proper, the Court concludes that the existence of a parallel action in state court addressing the same underlying arbitration award does not interfere with this Court's ability to adjudicate Petitioners' federal claim. *See Lou*, 834 F.2d at 740. This Court concludes that the injunctive relief requested by Petitioners is not "necessary in the aid of" this Court's jurisdiction and is prohibited by the Anti-Injunction Act.

**CONCLUSION**

IT IS HEREBY ORDERED that the Petitioners' ex parte motion to stay Respondents from further proceeding in state court is DENIED.

DATED: December 3, 2008

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge