1  Erwin J. Shustak (CBN 119152)
   Email: shustak@shufirm.com
2  Paul A. Reynolds (CBN 179656)
   Email: preynolds@shufirm.com
3  Robert Hill (CBN 241624)
   Email: rhill@shufirm.com
4  **SHUSTAK FROST & PARTNERS, P.C.**
   410 West "A" Street, Suite 2330
5  San Diego, California 92101
   Telephone: (619) 696-9500
6  Facsimile: (619) 615-5290

7  Karen A. Batcher (CSB 190810)
   Email: kbatcher@bzblaw.com
8  **BATCHER ZARCONE & BAKER, LLP**
   744 Otay Lakes Road, #143
9  Chula Vista, California 91910
   Telephone: (619)475-7882
10 Facsimile: (619)512-5184

11 Attorneys for Petitioner
   William R. Holland
12

13                    UNITED STATES DISTRICT COURT

14                  SOUTHERN DISTRICT OF CALIFORNIA

15

16 WILLIAM  R.  HOLLAND  and  MICHAEL  W. ) Case No. 08-CV-1772-WQH-BLM
   HOLLAND,                               )
                                          )
17           Petitioners,                 ) **PETITIONER'S *EX PARTE***
                                          ) **APPLICATION FOR AN ORDER**
18      vs.                               ) **REFERRING THIS CASE TO THE**
                                          ) **UNITED STATES BANKRUPTCY**
19 WACHOVIA SECURITIES, LLC and EUGENE )    **COURT FOR THE SOUTHERN**
   P. INGARGIOLA,                         ) **DISTRICT OF CALIFORNIA**
20                                        )
           Respondents.                   )
21                                        ) Judge: Honorable William Q. Hayes
                                          ) Courtroom: Four, 4th Floor
22                                        )
                                          ) Date:  TBD
23                                        ) Time:  TBD
                                          )
24 _____)

25

26

27

28

1

## *EX PARTE* APPLICATION

2        Petitioners William Holland hereby applies to this Court *ex parte* for an Order referring this

3    matter to the Bankruptcy Court of this judicial District, which is currently hearing Holland's

4    bankruptcy proceeding, U.S. Bankruptcy Court, S.D. Cal. Case No. 08-12833-LT11.

5        As explained in the accompanying memorandum of points and authorities, good cause exists

6    to grant Holland's application because this Court has determined that this matter is stayed by the

7    bankruptcy proceeding's automatic stay and it would be appropriate for the bankruptcy court to deal

8    with the issue of the stay, of bankruptcy jurisdiction and abstention, and of the allowance or

9    disallowance of the claim represented by the arbitration award.

10

    DATED:  January 30, 2009        Submitted by,

11

                                SHUSTAK FROST & PARTNERS, P.C.

12                                    ERWIN J. SHUSTAK
                                PAUL A. REYNOLDS

13

14                                    /s/ Paul A. Reynolds

15                                    Email:  preynolds@shufirm.com

16                                    401 West "A" Street, Suite 2330
                                San Diego, CA 92101

17                                    Telephone: (619) 696-9500
                                Facsimile: (619) 615-5290

18

19                                    *Attorneys for Petitioner William R. Holland*

20

21

22

23

24

25

26

27

28

- 1 -

MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

The court has found that this case is stayed by Holland's bankruptcy proceeding. Holland would therefore like to place it before the bankruptcy court. Were this case pending in any other district court or in state court, Holland could simply remove it to the bankruptcy court. However, because the bankruptcy court is in the same judicial district as this court, at least some authority indicates that Holland should request this Court "refer" this case to the bankruptcy court (although other authority holds that a notice of removal would be proper even in this instance). Out of an abundance of caution, then, Holland is filing this application for a referral rather than simply removing the case.

There is good cause to grant the application. As discussed below, this case is inextricably bound up in the bankruptcy matter and raises complex issues unique to bankruptcy. When before the bankruptcy court, that court will be able to address issue relating to the stay concerning both this case and the state court action (which has now been removed there) in one place and at one time. It will also be able to resolve issues relating to bankruptcy subject matter jurisdiction and abstention that it is better equipt to address. Finally, with the parallel state court action removed to it and this case referred to it, the bankruptcy court will be able to address both actions concerning the validity of the arbitration award against Holland—as the allowance or disallowance of a claim against the estate—providing judicial economy and eliminating the possibility of inconsistent results.

This court, in contrast, can do nothing with this action given its determination of the stay. Referral to the bankruptcy court makes eminent good sense and leaving it to languish in this court while respondents attempt to un-stay and proceed in the state court action makes none.

## II.   BRIEF SUMMARY OF RELEVANT FACTS

As the court is aware, this is a proceeding to vacate an arbitration award against Holland in favor of respondents.

There is also a proceeding pending in state court in which Respondents are seeking to confirm that same award, S.D. Superior Court Case No. 37-2008-00082246-CU-PT-CTL.

1   On December 16, 2008, after this proceeding was initiated and the motion to vacate the

2   award was filed, Holland filed a petition for bankruptcy protection under Chapter 11 of the United

3   States Bankruptcy Code, *In re William Holland, Debtor*, U.S. Bankr. Ct. S.D. Cal. Case No. 08-

4   12883-LT11.  This filing was necessary given that Holland lacks the ability to pay the substantial

5   arbitration award.

6   In the course of the briefing on the motion to vacate the arbitration award in this Court,

7   Respondents argued that the court lacks federal question jurisdiction over the action.  *See* docket

8   nos. 20, 21.

9   During this time, the parties also exchanged filings concerning whether the bankruptcy

10  automatic stay applied to this action.  *See* docket nos. 17, 19, 23, 24.

11  On January 20, 2009, Respondents filed a motion in the bankruptcy case seeking to, among

12  other things, have the automatic stay lifted in the state court action seeking to confirm the

13  arbitration award.  *See* bankruptcy case, case no. 08-12883, docket no. 22.

14  On January 28, 2009, this Court's clerk informed Holland's counsel that the court has

15  determined that this action is subject to the bankruptcy automatic stay.

16  On January 30, 2009—the same day this application was files—Holland removed the state

17  court action to the bankruptcy court under the bankruptcy removal jurisdiction provided by 28

18  U.S.C. § 1452(a).

19  **III.   THE COURT SHOULD REFER THIS MATTER TO THE BANKRUPTCY COURT**

20          **A.   Out of an Abundance of Caution Given a Split in Authority, Holland
               Requests a Transfer Rather Than Simply Removing This Case to Bankruptcy**
21             **Court.**

22  Under 28 U.S.C. § 1452(a), a case—even if stayed— may be removed to bankruptcy court if

23  there is jurisdiction under 28 U.S.C. § 1334.  28 U.S.C. § 1334, in turn, provides jurisdiction for

24  cases "arising in," "arising under," or "related to" a bankruptcy proceeding.

25  This matter "arises under" the bankruptcy proceeding because it concerns the "allowance or

26  disallowance of claims against the estate."  *See* 28 U.S.C. § 157(b)(2)(B).  It is also, at a minimum,

27  unquestionably "related to" Holland's Bankruptcy Proceeding.  To be "related to" a bankruptcy

28  proceeding, all that is necessary, is that the outcome of the matter in question "*could conceivably*

- 3 -

1  *have any effect on the estate being administered in bankruptcy." Fietz v. Great Western Savings,*

2  852 F.2d 455, 457 (9th Cir. 1988) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984))

3  (emphasis in *Pacor*).  Since this matter concerns the validity of the largest debt in the bankruptcy

4  proceeding—the arbitration award this proceeding seeks to vacate—it easily satisfies the test.

5        If this matter were pending in state court or a different district court, Holland would simply

6  file a notice of removal and the case would immediately be removed to the bankruptcy court.  *See,*

7  *e.g., Mitchell v. Fukuoka Daihei Hawks Baseball Club (In re Mitchell)*, 206 B.K. 204, 210 (Bankr.

8  C.D. Cal. 1997).  Indeed, that is exactly what Holland has now done with respect to the state court

9  action to confirm the award.  However, because this case is pending in the *same district* that the

10  bankruptcy proceeding is pending, there is a split of authority as to the proper procedure to get this

11  case before the bankruptcy court.  It is either: (1) to file a notice of removal, or (2) to request the

12  district court to "refer" the matter to the bankruptcy court.  *See. id.; compare, e.g., Philadelphia*

13  *Gold Corp. v. Fauzio*, 56 B.R. 87, 89 (Bankr. E.D. Pa. 1985) (removal is proper from district court

14  to bankruptcy court in same district), *with, e.g., Thomas Steel Corp. v. Bethlehem Rebar Indus.*, 101

15  B.K. 16, 19 (Bankr. N.D. Ill. 1989) (removal not appropriate procedure; district court should "refer"

16  matter to bankruptcy court in same district); *see also Case Management Manual for United States*

17  *Bankruptcy Judges,* Ch. II, Sec. D.1. at pg. 34 (1995) (discussing split).  As *Mitchell* recognized,

18  neither the Ninth Circuit Court of Appeals nor its Bankruptcy Appellate Panel has addressed this

19  issue. *Mitchell*, 206 B.K. at 210.  That is apparently still true to this day.

20        *Mitchell* followed the view that a request for a referral to the bankruptcy court, rather than a

21  notice of removal, is the proper procedure.  As a trial court-level opinion, as opposed to one from

22  the Ninth Circuit, *Mitchell* does not control this Court or the bankruptcy court.  Nonetheless, out of

23  an abundance of caution, Holland requests this Court refer this matter to the bankruptcy court rather

24  than simply removing it to that court.

25      **B.**    **This Court Should Transfer The Case to the Bankruptcy Court to Allow it to Resolve the Stay and Jurisdiction Issues and to Allow the Issue of the Validity of**

26                 **the Arbitration Award to Be Heard in One Forum.**

27        As noted in *Mitchell,* the district court should refer a matter pending before it to its

28  bankruptcy court "if there is some reason why it would make sense to have the bankruptcy court

- 4 -

take over further handling of the lawsuit from the district court." *Id.* Indeed, given that transfer to the bankruptcy court would be automatic on Holland's unilateral removal of this case were it pending in any other court (or under one view of the law, even though it is pending in this court), Holland's request should be granted as a matter of course upon his request. In any event, there are many good reasons why the bankruptcy court should handle this matter.

First, this Court has determined that the automatic stay applies to bar further pursuit of this action. *See* Reynolds Decl. ¶ 2. Since the automatic stay emanates from the proceeding before the bankruptcy court, however, it makes sense that the bankruptcy court have this proceeding before it to determine if the stay should be lifted to the extent it applies. *See* 11 U.S.C. § 362(d). This is especially so given that Respondents have filed a motion in the bankruptcy court to lift the stay as to the state court action in which they are attempting to confirm the arbitration award. *See* bankruptcy case docket no. 22. Because of this, Holland has now removed the state court action to the bankruptcy court under 28 U.S.C. § 1452(a). Thus, if this case is referred to the bankruptcy court, it will be able to address all stay issues regarding both proceedings addressing the validity of the arbitration award.

Second, it also makes sense for the bankruptcy court, rather than this Court, to resolve the issue of subject matter jurisdiction that has been raised by Respondents in this Court. *See* docket nos. 20, 21. In addition to the basis of subject matter jurisdiction addressed in the parties previous filing before this Court, Holland's bankruptcy filing creates an independent ground of federal subject matter jurisdiction—that provided by 28 U.S.C. § 1334 over all matters that "arise in," "arise under," or are "related to" the bankruptcy matter. This matter, concerning as it does the validity of a claim against the estate, is covered by that jurisdiction. *See Fietz*, 852 F.2d at 457. However, Respondents can be expected to argue that the bankruptcy court should abstain from accepting that jurisdiction, which raises complex issues unique to bankruptcy and which should more appropriately be addressed and decided by the bankruptcy court. *See, e.g.,* 28 U.S.C. § 334(c), 28 U.S.C. § 1452(b), 28 U.S.C. § 157(b)(2)(B) & (b)(4). (Indeed, that the bankruptcy has

1   the ability to abstain from invoking jurisdiction removes any argument Respondents may have that

2   it is somehow unfair to refer this matter there.)

3        Finally, it would also make sense to refer this case to the bankruptcy court because with this

4   case referred to it and the state court action removed to it, both actions concerning the validity of the

5   arbitration award will be before a single court, which would allow the bankruptcy court to resolve

6   the issue of its validity as an "allowance or disallowance of claims against the estate" under 28.

7   U.S.C. § 157(b)(2)(B).  This determination could not be made by the district court, as it cannot have

8   the state court action brought before it through removal.  Thus, the referral of this matter to the

9   bankruptcy court would promote judicial economy and eliminate the possibility of inconsistent

10  results.

11

12       In sum, this action is inextricably intertwined with the bankruptcy proceeding and raises

13  complex issues unique to bankruptcy; it should accordingly be referred to that court.  This referral

14  should be granted as a matter of course.

15  **IV.    CONCLUSION**

16       For these reasons, the court should refer this action to the bankruptcy court.

17

18  DATED:  January 30, 2009          Submitted by,

19            SHUSTAK FROST & PARTNERS, P.C.
          ERWIN J. SHUSTAK

20            PAUL A. REYNOLDS

21

22            /s/ Paul A. Reynolds
          Email:  preynolds@shufirm.com

23

24            401 West "A" Street, Suite 2330
          San Diego, CA 92101
          Telephone: (619) 696-9500

25            Facsimile: (619) 615-5290

26            *Attorneys for Petitioner William R. Holland*

27

28