# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM R. HOLLAND and MICHAEL W. HOLLAND,<br><br>                                    Plaintiff,<br>vs.<br>WACHOVIA SECURITIES, LLC, EUGENE P. INGARGIOLA, an individual,<br><br>                                    Defendant. | CASE NO. 08cv1772-WQH-BLM<br><br>ORDER |

HAYES, Judge:

The matters before the Court are the petition to vacate arbitration award (Doc. 3) and the ex parte application for an order referring the petition to the United States Bankruptcy Court for the Southern District of California (Doc. 26) filed by Petitioner William Holland.

## BACKGROUND

*1. Financial Industry Regulatory Authority Arbitration*

In October 2005, Petitioner William Holland initiated a Financial Industry Regulatory Authority (FINRA) arbitration action against his former employer, Wachovia Securities, and his former Supervisor, Eugene Ingargiola.[1] (*W. Holland Decl.* Ex. A at 1.) Petitioner alleged claims for wrongful termination in violation of public policy, breach of contract, breach of

---

[1] William Holland's son, Michael Holland, filed a separate arbitration action against Wachovia in November 2005, and the actions were eventually consolidated. Although Michael Holland initially sought vacatur of the arbitration award in this Court, he was voluntarily dismissed from this case with prejudice on December 13, 2008. (Doc. 14.)

implied covenant of good faith and fair dealing, discrimination based on age, intentional interference with prospective economic advantage, violations of the Racketeer Influenced Corrupt Organizations Act (RICO), civil conspiracy, and slander. (*Id.* at 3.) Petitioner requested compensatory damages in excess of $1,000,000.00, unspecified punitive damages, treble damages, and costs, including attorney's fees. (*Id.* at 4.) In September 2007, Petitioner voluntarily dismissed his claims for RICO violations and slander. (*Id.* at 5.)

On November 20, 2007, after a hearing on Petitioner's claims, Respondents filed a motion for summary judgment. (*Id.* at 5.) The motion was fully briefed, and the Panel heard oral argument on February 6, 2008. (*Id.*) On February 12, 2008, the FINRA Panel granted Respondents' motion and dismissed Petitioner's claims in their entirety with prejudice. (*Id.* at 6.)

On May 22, 2008, Respondents filed a motion for attorneys' fees and costs with the FINRA Panel pursuant to the California Fair Employment and Housing Act (FEHA). (*W. Holland Decl.* Ex. K.) Respondents asserted that "the Fair Employment and Housing Act authorizes attorney fees awards to prevailing defendants." (*Id.* at 13.) Respondents explained the standard for awarding attorneys' fees as follows:

> The FEHA provides that "the court, in its discretion, may award to the prevailing party reasonable fees and costs." Cal. Govt. Code § 12965(b); *see also, Steele v. Jensen Instrument Co.*, 59 Cal. App. 4th 326, 331 (1997). Federal interpretations of employment discrimination statutes with fee shifting provisions, such as Title VII of the Civil Rights Act of 1964 and 42 U.S.C. section 1988, are instructive to courts interpreting fee provisions of the FEHA. *See e.g. Flannery v. California Highway Patrol*, 61 Cal. App. 4th 629, 643 (1998); *Stephens v. Coldwell Banker Commercial Group, Inc.* 199 Cal. App. 3d 1394, 1405 (1988).
>
> Under Title VII and the FEHA, a successful defendant is entitled to attorney's fees "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christainberg Garment Co. v. EEOC*, 434 U.S. 412, 420-22 (1978). The *Christainberg* standard for awarding fees to defendants applies to FEHA discrimination cases. *Bond v. Pulsar Video Prods.*, 50 Cal. App. 4th 918, 921-22 (1996). A trial court's award of attorney fees and costs under Government Code section 12965 is subject to an abuse of discretion standard. *Bond*, 50 Cal. App. 4th at 921.

(*W. Holland Decl.* Ex. K at 13.) Respondents asserted that they were entitled to an award of attorneys' fees under the California Fair Employment and Housing Act because "William

Holland's cause of action for age discrimination was frivolous . . . ." (*Id*. at 15.)

On May 30, 2008, Petitioner filed an opposition to Respondents' motion for attorneys' fees and costs. (*W. Holland Decl.* Ex. L.) Petitioner explained the standard for awarding attorneys' fees as follows:

> While it is true that the California Fair Employment and Housing Act gives the Panel discretion to award attorneys' fees, Respondents are entitled to attorney fees under FEHA ***only in the rare case*** where Claimants' actions are found to be unreasonable, frivolous, meritless or vexatious. *Rosenman v. Christensen*, 91 Cal. App. 4th 859, 864 (2001); *Cummings v. Benco Bldg. Servs.*, 11 Cal. App. 4th 1383, 1387 (1992) (citing *Christianberg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). This requirement is commonly known as the "*Christianberg* standard." Only a small number of cases, where plaintiff's actions were so egregious, have survived the Christianberg standard. In one such case, the plaintiff's action was found to be frivolous because the plaintiff signed "a release which explicitly release all such causes of action." *Linsley v. Twentieth Century Fox Film Corp.*, 75 Cal. App. 4th 762, 771 (1999).

(*W. Holland Decl*. Ex. L at 6) (emphasis in original). Petitioner asserted that Respondents were not entitled to an award of attorneys' fees under the California Fair Employment and Housing Act because "Bill's claim of age discrimination is not like one of those 'rare' egregious cases that would support an award of attorneys' fees under the *Christianberg* standard." (*Id*. at 7.) Petitioner requested that "the Panel issue a detailed statement of judgment showing the prevailing claim and the respective amount of attorneys' fees" in the event they were awarded to Respondents. (*Id*. at 14.)

On September 4, 2008, the Panel issued a written final arbitration award, which stated that "the Panel has determined that William Holland's claim for age discrimination was frivolous, and therefore it has made an award of attorneys' fees as against William Holland, as allowed under Cal. Govt. Code Section 12965(b) and the various authorities cited by Respondents in their May 22, 2008 Brief." (*W. Holland Decl.* Ex. A at 10.) The Panel stated that the $372,094.00 award "represents 80% of the total attorneys' fees and costs incurred by both Respondents in this consolidated proceeding which the Panel has determined are allowable." (*Id*. at 11.)

*2. Procedural Background*

On September 26, 2008, Petitioners filed a petition to vacate the arbitration award in this Court. (Doc. 1.) On October 31, 2008, Petitioners filed a motion to vacate the arbitration

award. (Doc. 3.) Respondents filed a response in opposition, and Petitioner filed his reply. (Docs. 20, 21.) On January 20, 2009, Respondents filed a supplemental declaration in opposition to vacatur. (Doc. 22.)

On December 16, 2008, Petitioner William Holland filed a petition for bankruptcy protection under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of California. (Doc. 17.) On January 30, 2009, Petitioner filed a motion to refer this matter to the bankruptcy court. (Doc. 26.) Respondents filed an opposition and Petitioner filed a reply. (Docs. 28, 29.) On March 2, 2009, Respondents filed a notice of United States Bankruptcy Court's order and a sur reply in opposition to Petitioner's motion to refer this case to the bankruptcy court. (Docs. 30, 31.)

## DISCUSSION

Petitioner requests that this Court vacate the FINRA award on the grounds that (1) one of the arbitrators engaged in conduct giving rise to "evident partiality" and (2) the arbitration award was made in manifest disregard of federal law. With respect to the second ground for vacatur, Petitioner asserts that (1) the panel did not find that Petitioner's entire action was frivolous before making the award, and (2) the award should have been limited to the fees Respondents actually incurred in defending the single age discrimination claim found to be frivolous. Petitioner concedes that the award was made pursuant to the California Fair Employment and Housing Act, but contends that the state statute "is interpreted by federal law because it is virtually identical to Title VII of the federal Civil Rights Act and the federal Age Discrimination in Employment Act." (Doc. 3-2 at 11.)

Respondents request that the petition to vacate be denied on the ground that the petition does not present an independent basis for federal subject matter jurisdiction. Respondents assert that the fact that federal law can be utilized to interpret certain provisions of the California Fair Employment and Housing Act is insufficient to establish federal question jurisdiction. In response to this contention, Petitioner asserts that the arbitration award was based upon both the California Fair Employment and Housing Act and "federal authorities applying the fee-shifting paradigm that governs federal anti-discrimination statutes like the

ADEA." (Doc. 21 at 3.) Petitioner asserts that this Court has federal question jurisdiction because the petition to vacate "arises under the manifest disregard of the Age Discrimination in Employment Act." (*Id.*)

Under the Federal Arbitration Act (FAA), a federal court may vacate an arbitration award on the grounds of fraud, corruption, undue means, evident partiality, procedural misconduct, exceeding powers, and manifest disregard of law. 9 U.S.C. § 10. It is well established that even when a petition is brought under the FAA, a petitioner seeking to confirm or vacate an arbitration award must establish either diversity or federal question jurisdiction before a federal court may entertain the petition. *Carter v. Health Net of California*, 374 F.3d 830, 833 (9th Cir. 2004). "[T]he presence of federal questions in the underlying arbitration is insufficient to provide an independent basis for federal question jurisdiction to review an arbitration award under the FAA." *Id.* at 836. However, "federal jurisdiction may still lie if the ultimate disposition of the matter by the federal court necessarily depends on resolution of a substantial question of federal law, such as when the petition primarily asserts as grounds for vacatur the arbitrator's manifest disregard of federal law." *Id.*; *see Luong v. Circuit City Stores, Inc.*, 368 F.3d 1109, 1111-1112 (9th Cir. 2004) (holding that federal question jurisdiction exists "when a petition to vacate complains principally and in good faith that the award was rendered in manifest disregard of federal law").

"Manifest disregard of the law means something more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law." *Michigan Mut. Ins. Co. v. Unigard Sec. Ins. Co*., 44 F.3d 826, 832 (9th Cir. 1995). In order to establish manifest disregard of federal law, "[i]t must be clear from the record that the arbitrators recognized the applicable law and then ignored it." *Carter*, 374 F.3d at 838. The governing federal law alleged to have been ignored by the arbitration panel "must be well defined, explicit, and clearly applicable." *Id.* A petitioner's "mere allegation of manifest disregard is insufficient to confer federal question jurisdiction if federal claims are completely without merit." *Id.* at 836 (citation omitted); *see Yokeno v. Mafnas*, 973 F.2d 803, 808 (9th Cir. 1992) ("jurisdiction under § 1331 is unavailable where the federal claim is patently without merit").

In this case, in order to exercise jurisdiction over the petition to vacate filed by Petitioner, this Court must determine whether Petitioner has established an independent basis for federal subject matter jurisdiction. Absent diversity of the parties,[2] this inquiry can only be answered in the affirmative if Petitioner's allegation of manifest disregard of federal law necessarily depends on resolution of a substantial question of federal law. Petitioner asserts that the award was made in manifest disregard of the Age Discrimination Employment Act. However, the Panel clearly stated in the written arbitration award that "the Panel has determined that William Holland's claim for age discrimination was frivolous, and therefore it has made an award of attorney's fees as against William Holland, as allowed under Cal. Govt. Code Section 12965(b) and the various authorities cited by Respondents in their May 22, 2008 brief." (*W. Holland Decl.* Ex. A at 10.) The Panel awarded attorneys' fees to Respondents under the fee shifting provision set out in the California Fair Employment and Housing Act and did not rely upon the Age Discrimination Employment Act. The fact that the California Fair Employment and Housing Act is construed in accordance with federal law does not give rise to federal question jurisdiction. *See Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 347 n.9 (9th Cir. 1996) ("We [the Ninth Circuit] emphasize we do not suggest that the mere fact that a state statute is construed in accordance with a federal statute gives rise to federal question jurisdiction. We simply find it unnecessary to discuss that question here."). The Court concludes that the disposition of the petition to vacate the arbitration award does not necessarily depend on resolution of a substantial question of federal law. Accordingly, this Court is without subject matter jurisdiction to entertain the petition.

---

[2] Petitioner does not claim diversity of citizenship jurisdiction exists over the petition to vacate.

**CONCLUSION**

IT IS HEREBY ORDERED that the motion to vacate the arbitration award (Doc. 3) is DENIED. The petition to vacate the arbitration award is DISMISSED for lack of subject matter jurisdiction. The ex parte application for an order referring the petition to the United States Bankruptcy Court (Doc. 26) is DENIED as moot. The Clerk of the Court is ordered to close this case.

DATED: May 15, 2009

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge